**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| In re: ) | |
| ) | Bankruptcy Case |
| HILLINA M. BELAY, ) | No. 22-10227-KHK |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| ) | |
| H. JASON GOLD, IN HIS CAPACITY AS ) | |
| CHAPTER 7 TRUSTEE FOR HILLINA M. ) | |
| BELAY, ) | |
| ) | |
| c/o Nelson Mullins Riley & Scarborough LLP ) | |
| 101 Constitution Avenue, NW, Suite 900 ) | |
| Washington, DC 20001 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | Adversary Proceeding No. _____ |
| ) | |
| MOHAMED ALBATAINEH, ) | |
| ) | |
| SERVE: ) | |
| ) | |
| 23427 Farfalla Lane ) | |
| Richmond, Texas 77406 ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**COMPLAINT TO AVOID TRANSFER OF REAL PROPERTY OR TO SELL**
**PROPERTY PURSUANT TO 11 U.S.C. § 363(h) AND FOR RELATED RELIEF**

COMES NOW H. Jason Gold, in his capacity as Chapter 7 trustee ("Trustee" or

"Plaintiff") for Hillina M. Belay ("Debtor"), by and through his undersigned counsel, and files

this Complaint to Avoid Transfer of Real Property and for Related Relief pursuant to 11 U.S.C.

Dylan G. Trache, Va. Bar No. 45939
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
(202) 689-2800
Counsel to the Chapter 7 Trustee

§§ 544, 550 and 551 and § 24.001 et seq. of the Texas Business and Commerce Code ("Texas Uniform Fraudulent Transfer Act") against Mohamed Albataineh ("Defendant"), stating to the Court as follows:

## BACKGROUND AND JURISDICTION

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F) and (O).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

4. On March 1, 2022, the Debtor filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division (the "Court") commencing this chapter 7 case (the "Bankruptcy Case").

5. The Trustee was appointed chapter 7 trustee in the Bankruptcy Case.

6. Prior to the Petition Date, the Debtor owned certain real property with the address of 23427 Farfalla Lane, Richmond, Texas 77406 ("Property") further described as:

> Lot Thirty-Three (33), in Block One (1) of Lakes of Bella Terra Sec. 26 a Subdivision in Fort Bend County, Texas, according to the Map or Plat thereof Recorded Under Plat No. 20140021 of the Plat Records of Fort Bend County, Texas.

7. On November 5, 2018, the Debtor transferred her interest in the Property to the Debtor and Defendant pursuant to a Special Warranty Deed with Assumption ("Deed") which was recorded under County Clerk's File No. 2018124442.

2

8. Through this lawsuit, the Trustee seeks to avoid the Debtor's interest in the Property to Defendant pursuant to the Deed (the "Transfer") or alternatively to sell the property pursuant to 11 U.S.C. § 383(h).

## COUNT I - TO AVOID TRANSFER OF THE PROPERTY PURSUANT TO 11 U.S.C. § 544 AND TEXAS UNIFORM FRAUDULENT TRANSFER ACT

9. Plaintiff repeats and realleges the allegations in the above paragraphs, inclusive, as though fully set forth herein.

10. At the time of the Transfer, American Express National Bank and Wells Fargo Bank, N.A. were creditors of the Debtor as reflected in proof of claims filed in the Debtor's bankruptcy case.

11. Defendant was an insider of the Debtor at the time of the Transfer.

12. The Debtor was insolvent at the time of the Transfer or was rendered insolvent as a result of the Transfer.

13. The Debtor made the Transfer with intent to hinder, delay or defraud creditors.

14. The Debtor did not receive reasonably equivalent value in exchange for the Transfer, because among other things, she remained one hundred percent liable for the underlying debt while transferring a fifty percent interest in the Property.

15. The Transfer was made within four years of the Petition Date.

16. By reason of the foregoing, the Transfer should be avoided as a fraudulent transfer under Texas law as codified in the Texas Business and Commerce Code §24.001 et seq. consistent with 11 U.S.C. §544.

## COUNT II – RECOVERY OF PROPERTY UNDER 11 U.S.C. § 550

17. Plaintiff repeats and realleges the allegations in the above paragraphs, inclusive, as though fully set forth herein.

18. As alleged above, Plaintiff is entitled to avoid the Transfer under 11 U.S.C. § 544.

19. Defendant is the initial transferee of the Transfer or the entity for whose benefit the Transfer was made, or an immediate or mediate transferee of such initial transferee of the Transfer.

20. The Plaintiff is entitled to recover for the estate the proceeds or value of the Transfer under 11 U.S.C. § 550.

21. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 550 that the proceeds or value of the Transfer is recovered for the benefit of the estate.

### COUNT III - TO PRESERVE PROPERTY PURSUANT TO 11 U.S.C. § 551

22. The Plaintiff repeats and realleges each and every allegation contained in the above paragraphs, inclusive, as though fully set forth herein.

23. The Transfer and the Property conveyed thereby is property of the estate of the Debtor.

24. The Transfer, or the value thereof, should be preserved for the benefit of the Debtor's estate pursuant to § 551 of the Bankruptcy Code.

### COUNT IV– AUTHORITY TO SELL PROPERTY PURSUANT TO 11 U.S.C. §363(h)

1. The Trustee hereby restates, re-alleges, and incorporates by reference the aforementioned allegations.

2. The Trustee seeks relief under section 363(h) in the alternative, should the Court conclude that the Transfer may not be avoided.

3. Pursuant to section 363(h) of the Bankruptcy Code, a trustee may sell both the estate's interest and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or

4

tenant by the entirety, only if: (i) partition in kind of such property among the estate and such co-owners is impracticable; (ii) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners; (iii) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and (iv) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.  11 U.S.C. § 363(h).

4. Partition in kind of Property among the Debtor's estate and Defendant is impracticable.  *See id.* § 363(h)(1).

5. The sale of the estate's undivided interest in the Property would realize significantly less for the estate than the sale of such property free of the interests of Defendant. *See id.* § 363(h)(2).

6. The benefit to the estate of a sale of the Property free of the interests of Defendant outweighs the detriment, if any, to Defendant.  *See id.* § 363(h)(3).

7. The Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.  *See id.* § 363(h)(4).

8. Pursuant to section 363(h) of the Bankruptcy Code, the Trustee respectfully requests an order allowing him to sell the estate's interest in the Property as well as the non-debtor, co-owner interests of the Defendant in the Property, along with related relief, to include any and all actions necessary to effectuate the sale, including without limitation, marketing and re-keying the Property in advance of any sale.

WHEREFORE, the Plaintiff prays for judgment for Plaintiff and against the Defendant:

1. Avoiding the Transfer of the Property, together with costs of suit incurred herein;

2. Determining that the Transfer is avoidable under Section 544 of the Bankruptcy Code or Texas Business and Commerce Code §24.001 et seq., and that Plaintiff is entitled to recover the Transfer under Section 550 of the Bankruptcy Code;

3. Avoiding the Transfer such that the Deed is not effective and the Property is re-vested in the Debtor's estate.

4. Preserving the Transfer for the benefit of the estate; or

5. Alternatively, granting the Trustee the authority to sell the Debtor's interest in the Property as well as the interest of Defendant upon presentation of a ratified contract of sale and motion for approval of that contemplated sale, for entry of an order requiring Defendant to cooperate with the Trustee and his agents in connection with the sale of the Property, authorizing the Trustee to take all actions necessary to effectuate the sale, including without limitation, re-keying the Property; and

6. For such other and further relief as the Court may deem just and proper.

Dated: June 1, 2022                                             Respectfully submitted,

                                                        H. JASON GOLD, TRUSTEE

                                                        By Counsel

NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
Telephone: (202) 689-2800
Email: dylan.trache@nelsonmullins.com

By:  /s/ Dylan G. Trache
       Dylan G. Trache, Va. Bar No. 45939

*Counsel to the Chapter 7 Trustee*

4891-0328-1671